PRISONER'S CIVIL RIGHTS COMPLAINT (Rev. 05/2015)

## IN THE UNITED STATES DISTRICT COURT
### FOR THE __EASTERN__ DISTRICT OF TEXAS
### __BEAUMONT__ DIVISION

__JIMMIE MARK PARROTT / 1621310__
Plaintiff's Name and ID Number

__MARK W. STILES__
Place of Confinement

CASE NO. __1:20 cv 454__
(Clerk will assign the number)

v.
BRIAN COLLIER
PO BOX 99
HUNTSVILLE, TEXAS 77342
Defendant's Name and Address
TAUSHA WHITE
3060 FM. 3514
BEAUMONT, TEXAS 77705
Defendant's Name and Address
EDWARD DELONE
3060 FM . 3514
BEAUMONT, TEXAS 77705
Defendant's Name and Address
( DO NOT USE "ET AL.")

## INSTRUCTIONS - READ CAREFULLY

**NOTICE:**

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1. To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2. Your complaint must be legibly handwritten, in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACKSIDE OF ANY PAGE.** ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3. You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4. When these forms are completed, mail the original and one copy to the clerk of the United States district court for the appropriate district of Texas in the division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. If you are confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID) , the list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate district court, the division and an address list of the divisional clerks.

Rev. 05/15

DEFENDANT'S NAME/ADDRESS

Cont _ _ _

DAVID TURRUBIATE, JR
3060 FM. 3514
BEAUMONT, TEXAS 77705

FNU SMITH
3060 FM. 3514
BEAUMONT, TEXAS 77705

FNU WALLACE
3060 F.M. 3514
BEAUMONT, TEXAS 77705

FNU AUSTIN
3060 FM, 3514
BEAUMONT, TEXAS 77705

FNU "WRIGHT
3060 FM. 3514
BEAUMONT, TEXAS 77705

JOHN DOE (OIG)
P.O. BOX 4003
HUNTSVILLE, TEXAS 77342

**FILING FEE AND *IN FORMA PAUPERIS* (IFP)**

1.   In order for your complaint to be filed, it must be accompanied by the statutory filing fee of $350.00 plus an administrative fee of $50.00 for a total fee of **$400.00**.

2.   If you do not have the necessary funds to pay the fee in full at this time, you may request permission to proceed *in forma pauperis.*  In this event you must complete the application to proceed *in forma pauperis*, setting forth information to establish your inability to prepay the fees and costs or give security therefor. You must also include a current six-month history of your inmate trust account. If you are an inmate in TDCJ-CID, you can acquire the application to proceed *in forma pauperis* and the certificate of inmate trust account, also known as *in forma pauperis* data sheet, from the law library at you prison unit.

3.   The Prison Litigation Reform Act of 1995 (PLRA) provides "... if a prisoner brings a civil action or files an appeal  *in forma pauperis,* the prisoner shall be required to pay the full amount of a filing fee."      *See* 28 U.S.C. § 1915. Thus, the court is required to  assess and, when funds exist, collect, the entire filing fee or a initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the court will apply 28 U.S.C. § 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from you inmate trust account, until the entire $350.00 statutory filing fee has been paid. (The $50.00 administrative fee does not apply to cases proceeding *in forma pauperis.)*

4.   If you intend to seek *in forma pauperis* status, do not send your complaint without an application to proceed *in forma pauperis* and the certificate of inmate trust account. Complete all essential paperwork before submitting it to the court.

**CHANGE OF ADDRESS**

It is your responsibility to inform the court of any change of address and its effective date. Such notice should be marked "**NOTICE TO THE COURT OF CHANGE OF ADDRESS**" and shall not include any motion for any other relief. Failure to file a NOTICE OF THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

I.   PREVIOUS LAWSUITS:

    A.   Have you filed *any* other lawsuit in state or federal court relating to your imprisonment? ✓ YES ___ NO

    B.   If your answer to "A" is "yes", describe each lawsuit in the space below.  (If there is more than one lawsuit, describe  the additional lawsuits on another piece of paper, giving the same information.)

        1.   Approximate date of filing lawsuit: _July 15, 2015_

        2.   Parties to previous lawsuit:

            Plaintiff(s) _Jimmie Mark Parrott, Jr_

            Defendant(s) _Brad Livingston, William Stephens, Eddy Baker, Pam Pace, Dr. Wilkens_

        3.   Court: (If federal, name the district; if state, name the county.) _Eastern District_

        4.   Cause number: _6:15-CV-366_

        5.   Name of judge to whom case was assigned: _John D. Love_

        6.   Disposition: (Was the case dismissed, appealed, still pending?) _dismissed with prejudice_

        7.   Approximate date of disposition: _May 22, 2017_

PREVIOUS LAWSUITS

Cont.-- -

1. Approximate date of filing lawsuit: July, 2019

2. Parties: Jimmie Mark Parrott, Jr. V. UTMB, et al

3. Court: Eastern District, Beaum Tyler Division

4. Cause Nº: 6:19-cv-214

5. Judge: Johh D. Love

6. Disposition: Appeal Pending

7. N/A Pending


1. Approximate date of filing Lawsuit: October 7, 2019

2. Parties: Jimmie Mark Parrott, Jr. V. UTMB, et al

3. Court: Southern District, Galveston Division

4. Cause Nº: 319-cv-00330

5. Judge: Jeffrey V. Brown

6. Disposition: Pending

7. N/A Pending


1. Approximate date of filing lawsuit: September, 2019

2. Parties: Jimmie Mark Parrott, Jr. V. UTMB, et al

3. Court: Eastern District, Beaumont Division

4. Cause Nº: 1:19 cv 475

5. Judge: Keith Giblin

6. Disposition: Pending

7. N/A Pending

II.   PLACE OF PRESENT CONFINEMENT: _____

III.   EXHAUSTION OF GRIEVANCE PROCEDURES:

Have you exhausted all steps of the institutional grievance procedure?   ✓ YES ___NO

Attach a copy of your final step of the grievance procedure with the response supplied by the institution.

IV.   PARTIES TO THIS SUIT:

A. Name and address of plaintiff: ~~Rose Bush~~ Jimmie Mark Parrott, Jr.
Mark W. Stiles / #1621310, 3060 FM. 3514, BEAUMONT, TEXAS 77705

B. Full name of each defendant, his official position, his place of employment, and his full <u>mailing</u> address.

Defendant #1: Brian Collier, Executive Director of TDCJ, TDCJ, P.O. Box 99, Huntsville, Texas 77342

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Failed to enforce policy to protect my Eighth Amendment Rights

Defendant #2: Tausha White, LVN, UTMB CMHC, 3060 FM. 3514 Beaumont, Texas 77705

Briefly describe the acts(s) or omission(s) of this defendant which you claimed harmed you.

Denial of medical care / Assault / Fraud / Deceptive Trade Practice Eighth Amendment Violation

Defendant #3: Edward Delore, Sr. Practice Mgr., UTMB CMHC, 3060 FM. 3514 Beaumont, Texas 77705

Briefly describe the acts(s) or omission(s) of this defendant which you claimed harmed you.

Denial of medical care, Failure to enforce policy, Eighth Amendment Violation

Defendant #4: FNU Smith, Lieutenant, TDCJ-ID, 3060 FM. 3514 Beaumont, Texas 77705

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Denial of Medical Care, Use-of-force, Failure to protect, Eighth Amendment Violation

Defendant #5: FNU Wallace, Sr. Warden, TDCJ-ID, 3060 FM. 3514 Beaumont, Texas 77705

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Failure to protect, Failure to enforce policy, denial of medical care, Eighth Amendment Violation

Rev. 05/15

3

IV PARTIES TO SUIT

Cont. _ _ _

#6  FNU Austin, Sergeant, TDCJ-ID, 3060 F.M. 3514, Beaumont, Texas 77705

Assault, Eighth Amendment Violation

#7. David Turrubiate, Captain, TDCJ-ID, 3060 F.M. 3514, Beaumont Texas 77705

Failure to protect, enforce policy, Eighth Amendment Violation, Failure to prosecute claims in my grievance, First Amendment Violation

#8  John Doe, OIG investigator, TDCJ-ID, P.O. Box 4003, Huntsville, Texas 77343

Failure to protect, enforce policy, Eighth Amendment Violation, Failure to prosecute claims in grievance/complaint, First Amendment Violation

#9. FNU WRIGHT, LVN, UTMB, CMHC, 3060 F.M. 3514, Beaumont, Texas 77705

Denial of medical care / Assault / Fraud / Deceptive Trade Practice Eighth Amendment Violation

V.   STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how <u>each</u> defendant is involved. <u>You need not give any legal arguments or cite any cases or statutes.</u> If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember the complaint must be stated briefly and concisely.  IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

1. On September 7, 2019 I fell down inside my cell at the Mark W. Stiles Prison and could not get up.

2. An emergency ICS was called and LVN White and LVN Wright responded, accompanied by Lieutenant Smith and Sergeant Austin.

3. White and Wright were very angry about having to respond to the Emergency ICS and accused me of lying and faking an injury, with White ordering me to get up.

4. When I could not comply with White's order I was transported to the infirmary by medical gurney.                                    Cont...

VI.   RELIEF:

State briefly exactly what you want the court to do for you.    Make no legal arguments.  Cite no cases or statutes.

Jury Trial Demand / Declaratory Judgment / Injunctive Relief / Award Damages / Any other Relief Deemed Appropriate / See More Definite Statement Of Fact

VII.   GENERAL BACKGROUND INFORMATION:

A. State, in complete form, all names you have ever used or been known by including any and all aliases.

Jimmy Ray Haney, Jimmie Ray Lawrence, Mark Ray Zadok

B. List all TDCJ-CID identificaiton numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you.

346540, 400162, 777900, 1344350, 1621310

VIII.   SANCTIONS:

A. Have you been sanctioned by any court as a result of any lawsuit you have filed? ____YES  ✓NO

B. If your answer is "yes," give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

1.   Court that imposed sanctions (if federal, give the district and division):   N/A

2.   Case number:   N/A

3.   Approximate date sanctions were imposed:   N/A

4.   Have the sanctions been lifted or otherwise satisfied?   N/A   ____YES ____NO

Cont. - - -

5. On the way to the infirmary White called me a lying mother Fxxker, and both White and Wright purposely ran the gurney into 16 bldg. gate, twice, injuring my left arm.

6. After arriving at the infirmary demanded that I get my lying ass off the gurney and onto a medical bed.

7. When I could not comply White and Austin both grabbed the plastic back board that I was laying on, ontop of the gurney, and purposely flipped me up into the air causing me to land upside down halfway onto the bed and halfway onto the floor, causing severe pain to shoot down my right leg.

8. I told White "I can not believe you did that, assaulted me!"

9. The deliberate conduct by White and Austin was a criminal act of Use of force / Unnecessary force and punishable under the TX Pen Code Sec.22.01.

10. The Use of force / Unnecessary force resulted in severe injury to my lower lumbar and sciatic nerve.

11. White and Wright were the only medical staff on duty at that time, and are not legally qualified to provide emergency treatment for prisoners unsupervised, thus in violation of the TX Occup Code / TX. Statutes.

12. White and Wright refused to call a qualified medical provider for treatment for me.

13. White and Wright continued with their deliberate mistreatment to me, purposely denying me the privilege and entitlement of qualified medical assistance, and said conduct is unauthorized and illegal and punishable under Texas Penal Code Sec. 39.04.

14. White then ordered C.O. Alexander, who was assigned duty inside the

infirmary to forcefully push me up off the bed attempting to make me stand up, knowing that I was injured, suffering in severe pain and discomfort.

15. Alexander is not a qualified medical staff member and should have never touched me forcefully or otherwise, and said mistreatment is punishable under the TX. Pen. Code 39.04, Said force did cause injury to me.

16. While, after refusing to call a qualified medical provider, and seeing that I could not walk, stand, or get up ordered Alexander and Smith to physically pick me up off of the bed and place me onto a wheelchair, to be pushed back to my cell.

17. Alexander and Smith are not qualified medical staff members and should have never touched me forcefully or otherwise, and said mistreatment is punishable under the TX. Pen. Code 39.04. Said force did cause injury to me,

18. Smith then pushed me back to my cell where I lay for the next 24 hrs in severe pain and discomfort, having to rely on my cell mate to provide and care for me.

19. I used the prison grievance procedure available at the Mark W. Stiles Unit, and filed an official complaint, that was investigated by Captain Turrubiate, and he confirmed my allegation to be true by the corroboration of video surveillance, but he purposely refused to take appropriate action to prosecute the matter when he had a legal duty and ethical obligation under the TDCJ PD-22 policy rule 25, and punishable under the TX Pen. Code 37.09.

20. Said John Doe (OIG) investigator, regardless of the manifesting video surveillance revealing criminal acts, also refused to take action to prosecute the matter, and said conduct is punishable under the TX. Pen. Code 37.09

21. Edward Deluxe, Sr. Prac. Mgr. is the designated facility health authority under CMHC policy Nº A-02.1, Referenced by ACA Standard 4-4380 (Ref. 3-4326) Mandatory, and was deliberately indifferent to my medical needs by purposely not enforcing policy to protect me from the unauthorized and unlawful medical treatment provided by White and Wright, unsupervised.

22. Wallace is the Sr. Warden of the Mark W. Stiles Unit and is legally responsible for the overall operations, enforcement and implementation of policy, and for the welfare of all inmates assigned to that Prison.
His failure to implement, enforce, or report violations of policy that protect my rights from illegal and unauthorized medical treatment, and assaults by staff, is deliberately indifferent. Making his conduct liable.

23. White, Wright, and Austin used profane/abusive language/gestures against me and is punishable under the Texas Penal Code sec. 39.04 White, Wright, and Austin called me a lying mother Fxxker, Faker, liar, asshole, etcetera during said abuse.

24. I have fallen two more times, a result of my injury sustained and caused by the assault on me by White and Austin, and force used by Smith and Alexander.

Pg 3 of   Pgs

25. I continue to suffer with irreparable physical injury as a result of the brutal assault by White and Austin and denial of medical care, and the use of force by Smith and Alexander.

26. White and Wright both purposely refused to file any emergency medical treatment or nurse's record in order to hide and secrete their assault on me and illegal roles as qualified medical staff. There is no record of me ever being transported to the Stiles Medical Department on 9/7/19 at 1:00 a.m.. (only video surveillance corroboration)

27. All the defendants named herein have illustrated conduct of deliberate indifference causing me pain, suffering, physical injury and mental distress, violating my right under the Eighth Amendment to the United States Constitution.

28. Turrubiate and John Doe's predetermined denial of my properly filed grievances/complaints when knowing the evidence sufficient to seek a criminal complaint was a denial to redress the matter, and injuring my First Amendment Rights to the United States Constitution.

See: Attached More Definite Statement Of Facts

Also: Review Exhibits List.

29. Wallace, Delone, Smith, Alexander, White and Wright's conduct is actionable under State tort Claims.

C. Has any court ever warned or notified you that sanctions could be imposed?  _____ YES  ✓NO

D. If your answer is "yes," give the following information for every lawsuit in which a warning was issued. (If more than one, use another piece of paper and answer the same questions.)

    1. Court that issued warning (if federal, give the district and division): _N/A_

    2. Case number: _N/A_

    3. Approximate date warning was issued: _N/A_

Executed on: _10/25/2020_
DATE

                                     _Jimmie Mark Parrott, Jr._

                                       _Jimmie Mark Parrott, Jr._
                                         (Signature of Plaintiff)

## PLAINTIFF'S DECLARATIONS

1. I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.
2. I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.
3. I understand I must exhaust all available administrative remedies prior to filing this lawsuit.
4. I understand I am prohibited from brining an *in forma pauperis* lawsuit if I have brought three or more civil actions or appeals (from a judgment in a civil action) in a court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.
5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire filing fee and costs assessed by the court, which shall be deducted in accordance with the law from my inmate trust account by my custodian until the filing fee is paid.

Signed this _25_ day of _October_, 20 _20_.
            (Day)                (month)          (year)

                                       _Jimmie Mark Parrott, Jr._

                                       _Jimmie Mark Parrott, Jr._
                                         (Signature of Plaintiff)

**WARNING: Plaintiff is advised any false or deliberately misleading information provided in response to the above questions may result in the imposition of sanctions. The sanctions the court may impose include, but are not limited to, monetary sanctions and the dismissal of this action with prejudice.**

Rev. 05/15

MORE
DEFINITE
STATEMENT
OF
FACT

I

# TABLE OF CONTENTS

## MORE DEFINANET STATEMENT OF FACT

Page

Cover Page _ _ _ _ _ _ _ _ _ _ 1

Jurisdiction and Venue _ _ _ _ _ _ _ _ _ 2

Parties

Plaintiff _ _ _ _ _ _ _ _ _ _ _ 2

Defendants _ _ _ _ _ _ _ _ _ 2-4

Facts

Exhaustion of Legal Remedies _ _ _ _ _ _ 4-10

Claims For Relief
Constitutional Violations

Use of Force _ _ _ _ _ _ _ _ 11, 12

Deliberate Indifference To Medical Needs _ _ _ 12-14

State Torts

Negligence / Failure To Protect _ _ _ _ 14, 15

Relief Requested _ _ _ _ _ _ _ _ 16

Declaration _ _ _ _ _ _ _ _ _ 16

Injunctive Relief _ _ _ _ _ _ _ _ 16

Damages _ _ _ _ _ _ _ _ _ 16, 17

Jury Trial Request _ _ _ _ _ _ _ 17

Cost of Suit _ _ _ _ _ _ _ _ 17

Additional Relief _ _ _ _ _ _ _ 17

Verification _ _ _ _ _ _ _ _ 17

Exhibits _ _ _ _ _ _ _ _ END

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

JIMMIE MARK PARROTT, JR.

V.

BRIAN COLLIER
TAUSHA WHITE
EDWARD DELONE
DAVID TURRUBIATE, JR.
FNU SMITH
FNU WALLACE
FNU AUSTIN
FNU WRIGHT
John Doe (OIG)

CIVIL ACTION No _____
To be filled in by Clerk

## MORE DEFINITE STATEMENT OF FACT

### STATEMENT OF THE CASE

This is a civil rights action by Jimmie Mark Parrott, Jr., a state prisoner, for damages and injunctive relief under 42 U.S.C. sec. 1983, alleging unnecessary use of force (Assault), the denial of medical care (Adequate Medical Care), and proper redress to prison grievance(s) in violation of the Eighth Amendment and First Amendment to the United States Constitution.

The Plaintiff also alleges the State torts of fraud, malpractice, negligence, and deceptive trade practice.

# I
## JURISDICTION AND VENUE

1. This Court has jurisdiction over the Plaintiff's claims of violation of federal constitutional rights under 42 U.S.C. Sec. 1331(a) and 1343 (a) 3 declaratory relief pursuant to 28 U.S.C. sec. 2201 and 2202, injunctive relief are authorized by 28 U.S.C. sec. 2283 and 2284 and Rule 65 of the Federal Rules of Civil Procedure.

2. This Court has supplemental jurisdiction over Plaintiff's state law tort(s) claim under 28 U.S.C. sec. 1367.

3. The Eastern District of Texas is an appropriate venue under 28 U.S.C. sec. 1391 (b) (2) because it is where the events giving rise to the claims occured.

# II
## "PARTIES"
### PLAINTIFF

4. Plaintiff Jimmie Mark Parrott, Jr., is and was at all times mentioned herein a prisoner of the State of Texas in the custody of the Texas Department of Criminal Justice (TDCJ). He is currently confined in the Mark W. Stiles Prison, in Beaumont, Texas.

# III
## DEFENDANT(S)

5. Defendant Brian Collier is the Executive Director of the TDCJ,

Pg 2 of 17 Pg 3

He is legally responsible for the overall operations, enforcement and implementation of policies, and for the welfare of all the inmates in the custody of the TDCJ.

6. Defendant Tausha White is a University Of Texas Medical Branch, Correctional Managed Health Care employee (UTMB, CMHC) at the TDCJ who, at all times mentioned in this complaint, held the position of License Vocational Nurse (LVN) and was assigned to the Mark W. Stiles Prison.

7. Defendant Edward Delore was a UTMB, CMHC employee at the TDCJ who, at all times mentioned in this complaint, held the position of Senior Practice Manager (Sr. Prac. Mgr.) and was assigned to the Mark W. Stiles Prison. He was legally responsible for the overall operations, enforcement and implementation of UTMB, CMHC policies, and for the provisions and accessibility to adequate medical care, and for the medical duty assignment of his subordinate staff employeed under his administration.

8. Defendant David Turcubiate, Jr. is a Correctional Officer of the TDCJ who at all times mentioned in this complaint, held the rank of Captain and was assigned to the Mark W. Stiles Prison.

9. Defendant FNU Smith is a Correctional Officer of the TDCJ who at all times mentioned in this complaint, held the rank of Lieutenant and was a visitor to the Mark W. Stiles Prison.

10, Defendant FNU Wallace was the Warden of the Mark W. Stiles Prison. He was legally responsible for the overall operations, enforcement and implementation of policies, and for the welfare of all the inmates assigned to that prison.

11. Defendant FNU Austin is a Correctional Officer of the TDCJ who at all times mentioned in this complaint, held the rank of Sergeant and was a visitor to the Mark W. Stiles Prison.

12. Defendant FNU Wright was a UTMB, CMHC employee at the TDCJ who, at all times mentioned in this complaint, held the position of LVN and was assigned to the Mark W. Stiles Prison.

13. Defendant John Doe is an employee for the Office of the inspector general (OIG) who, at all times mentioned in this complaint, held the position of investigator and was assigned to Huntsville OIG office.

14. Each defendant is sued individually and in his official capacity. At all times mentioned in this complaint each defendant acted under the color of state law.

## IV

### Facts

15, At all times relevant to this case, Plaintiff Parrott was

Pg 4 of 17 Pgs

assigned to 8 building - J. 27 - Bottom on the Mark W. Stiles.

16. On September 7, 2019 at approximately 1:00 a.m., on 8 bldg J 27 cell, and because of a severe back injury from two (2) previous orthopedic surgeries, Parrott lost feeling in his left leg causing him to collapse and fall. He was unable to get up because of excruciating pain.

17. Parrott's cell mate notified the Unknown Corrections Officer (CO) that had duty on 8 bldg J-pod; The C.O. notified the medical department for an Emergency ICS.

18. Defendants White and Wright responded to the ICS accompanied by Defendants Smith and Austin.

19. White immediately demanded that Parrott get up, and when He could not comply with the order, because of severe pain, White ordered two unknown C.O.'s to put Parrott on a plastic back board and load him onto a gurney for transport to the medical infirmary.

20. On the way to the infirmary White told Parrott she does not have time for his sh**, that he is a lying Mother Fxxker, and accusing him of not falling, that he is not in any pain.

21. White and Wright both displayed anger and hostility to Parrott by purposely running the gurney into 10 bldg gateway, twice, injuring his left arm.

22. After arriving inside the infirmary White and Wright parked the gurney beside a medical bed, and White demanded that Parrott get his lying ass off the gurney and onto the bed, NOW!

23. Parrott told White that he can bearly move because of severe pain, to please give him a minute and he will try.

24. White was angered that Parrott could not move and became irrate and hostile.

25. White motioned for Austin to grab one side of the plastic back board with her and together they both flipped Parrott up into the air, where he landed with blunt force, ending up halfway on the bed and floor, causing severe pain to shoot down his right leg and almost loss of consciousness.

26. Parrott said to White "I can not believe you just assaulted me!"

27. White said to Parrott "you would be more comfortable if you would turn over," and laughed.

28. White then made a joke out of it by saying, "I'm so mean!"

29. Parrott was in such fear of another brutal assault by White and Austin that he was able to drag himself up onto the bed.

30. White took Parrott's blood pressure and accused him of manipulating the machine because his blood pressure proved to be very high indicating severe pain and suffering.

31. White again demanded Parrott to get his lying ass up NOW!, saying that he is not in any pain only trying to get pain medication.

32. When Parrott could not move, because of severe pain and discomfort, White instructed Alexander, who was assigned duty at the infirmary, to forcefully push Parrott upright on the bed, trying to make him stand up.

33. Alexander is not a qualified medical staff personnel and should have never touch Parrott, and He should have refused White's order when it was obvious Parrott was suffering in severe pain, and any movement could trigger futher injury.

34. White who is only a LVN, and not qualified to provide Emergency treatment for Parrott, had no right to instruct Alexander, a Security Officer, to push Parrott upright trying to forcefully make him stand knowing Parrott was severely injured.

35. Parrott pleaded with White and Alexander to not do this, and that he has had two previous major reconstructive back surgeries, that he is suffering in severe pain.

36. White screamed at Parrott, calling him a lying mother-Fxxker, that Wright has looked at the computer and he has no history of any back problem, to get his lying ass up.

37. Then Austin began calling Parrott a liar and demanded he get up.

38. Parrott told White and Austin they do not know what they are doing, that he has had two major reconstructive back surgeries, that there is a record of these surgeries on the computer, that he needs medical help.

39. Austin became very irate and told Parrott "If we do not know what we are doing then get up and get out of here. Walk back to your cell."

40. Parrott told both White and Austin that he can't walk, too much pain.

41. Parrott begged White and Wright to call a doctor or provider, but they refused.

42. Through information and belief Parrott believes, that because both White and Wright are only LVN's, that they should not have been allowed to take an supervisory positions, providing medical treatment and care for patients (Prisoners), unsupervised, making important medical decisions that only a qualified provider is capable of doing, and in doing so not only violates Constitutional Claims, but also State Law; Texas Occupations Code.

43. Because of White and Wright's lack of medical credentials, and violations of the Texas Occupations Code Code, their their lack of skill, training, and license(s) to practice medicine on patients, they purposely instructed Alexander and Smith to physically remove Parrott from the hospital bed without ever evaluating him for injury, something a qualified doctor or provider would have

never done, knowing it can cause futher injury, put him in a wheel chair to be pushed back to his cell.

44. Upon physically putting Parrott into a wheelchair, Smith agreed to push Parrott back to his cell.

45 Upon exiting the infirmary Parrott looked at Austin and said "I can not believe y'all are doing this!", and said gesture was met with Austin giving Parrott the middle finger.

46. On the way back to Parrott's cell Smith ask him what kind of problems he had with his back; Parrott could tell Smith did not like what White, Wright, Austin, and Alexander had done to him.

47. Parrott said to Smith "you saw what they did to me, you saw them flip me upside down and hurt me, why did you not help me? Why?

48. Smith said "Hey, I did not see anything." He did not want to involve himself.

49. Parrott said to Smith "yes you did, you were standing right there. Why didn't you stop it, you are a lieutenant?"

50. Smith told Parrott "Just calm down, you'll see a doctor during the day, you're surely not going to get any medical attention in there."

51. Parrott told Smith that what was done to him was so wrong, and if a federal judge could see what they did to him they would be arrested, that White and Austin should be arrested.

52 Smith returned Parrott to his cell, hurt, injured, and without medical care where his cell mate cared for him for 24 hrs because Parrott was unable to stand, eat, shower, or rest without severe pain.

53. Parrott filed his step 1 and step 2 grievances.

54. The incident was investigated by Turrubiate who concluded that yes those allegations of assault, and denial of medical care, by two unqualified LVN$^s$ are true, and corroboration was made via video surveillance taken on B bldg. and the Infirmary.

55. Although the allegations proved to be true they were purposely ignored and secreted by Turrubiate and John Doe.

56. Parrott continues to suffer with irreparable injury, a result of the brutal assault by White and Austin, Denial of urgent Emergency medical care by White and Wright, and unnecessary force used against him by Smith and Alexander.

57. Parrott's safty continues to be at risk as he is forced to see Turrubiate, White, and Alexander periodically, and nothing has changed, each are not held accountable for their actions.

58. Parrott continues to be denied medical care, and has fallen two other times since the incident on September 7, 2019.

## V

## EXHAUSTION OF LEGAL REMEDIES

59. Plaintiff Parrott used the prison grievance procedure available at the Mark W. Stiles Unit to try and solve the problem. On September 7, 2019 Parrott presented facts relating to this complaint. On November 6, 2019 Parrott was sent a response saying that the grievance had been denied. On November 14, 2019 he appealed the denial. It was denied on March 13, 2020. See: Step1 and Step 2

VI

CLAIMS FOR RELIEF
CONSTITUTIONAL VIOLATIONS

60. Plaintiff Parrott reallege and incorporate by reference paragraphs 1-60.

USE OF FORCE

61. Defendants White and Wright used excessive force (ASSAULT) against Plaintiff Parrott by purposely running a medical gurney into IU bldg gate, while he was on it, injuring his left arm, violating Parrott's Eighth Amendment Right to the United States Constitution and caused Parrott pain, suffering, physical injury, and emotional distress.

62. Defendants White and ~~Wright~~ Austin used excessive force (ASSAULT) against Parrott by purposely flipping him off a medical gurney, up into the air, causing blunt force trauma to him when he landed face down, halfway onto a medical bed and halfway onto the floor, knowing said conduct may, and probably will, cause injury; when Parrott was seeking emergency medical treatment, and was not violating any prison rule, and was not acting disruptively. Defendants White and Austin's conduct violated Plaintiff's rights under the Eighth Amendment to the United States Constitution and caused Parrott pain, suffering, physical injury and emotional distress.

63. The failure of Defendants Smith and Alexander to act on their knowledge of a substantial risk of serious harm to Parrott because of the misuse of force (ASSAULT) committed by White and Austin, instead entered into collusion with them by forcefully pushing Parrott up when instructed to do so by White, knowing Parrott

was severely injured, and then deliberately picking him up and physically putting him into a wheelchair and pushing him back to his cell without medical care when Parrott was not violating any prison rule, and not acting disruptively, violated his Eighth Amendment Rights to the United States Constitution and causing him pain, suffering, physical injury and emotional distress.

64. By witnessing Defendants White, Wright, Austin, Alexander, and Smith's illegal actions on video tape and failing to take appropriate action against such malicious and sadistic conduct, instead covered it up, Turrubiate and John Doe of the OIG violated Parrott's Eighth Amendment Rights to the United States Constitution and causing Parrott pain, suffering, physical injury and emotional distress while at the same time denying lawful relief through redress from the prison grievance system in violation of Parrott's rights under the First Amendment to the United States Constitution, and causing injury to his First Amendment Rights.

65. Defendant Collier's failure to implement policy to protect Parrott from misuse of force by unqualified UTMB, CMHC staff, and said assault did cause injury to Parrott, violated Parrott's rights under the Eighth Amendment to the United States Constitution causing pain, suffering, physical injury and emotional distress.

## DELIBERATE INDIFFERENCE TO MEDICAL NEEDS

66. Defendants Wallace and Delone's failure to enforce medical policy and Texas Law to protect Parrott from unqualified Emergency Medical

treatment performed by White and Wright, unsupervised, who are only licensed vocational nurses (LVN), Wallace and Delone purposely assigned White and Wright to perform job duties, that only a qualified Registered Nurse (RN) or Medical Provider (APRN) "shall" perform, on September 7, 2019 at 1:00 a.m. at the Mark W. Stiles Medical Infirmary knowing they are not qualified, and do not hold a State Medical license to do so, because there was no qualified medical personnel available in violation of the UTMB, CMHC policy, State Law, and the Texas Occupations Code, placing Parrott's health and safety at risk, Said actions are deliberately indifferent to the provisions of adequate medical care violating Parrott's rights under the Eighth Amendment to the United States Constitution causing pain, suffering, physical injury and emotional distress.

67. Defendant Collier's failure to implement and enforce protective rules and policies that preclude LVN$^s$ to be the only medical personnel available for emergency medical treatment, knowing that a LVN does not hold a State License to provide said emergency medical care; and said provisions "shall" be carried out by a qualified RN or APRN or above, Collier's failure to implement and enforce protective rules and policies allowed LVN White and LVN Wright illegal authority over the whole operation(s) of the Medical Department at the Mark W. Stiles prison and provisions of unauthorized and illegal medical care to Parrott violating his Eighth Amendment Rights to the United States Constitution causing pain, suffering, physical injury and emotional distress.

68. White and Wright intentionally and knowingly, with deliberate indifference represented themselves as qualified medical providers knowing they are not licensed or trained to provide emergency

medical work up treatment plans, and they refused to call a qualified provider, instead diagnosed what they thought was proper, which amounted to misdiagnoses alleging Parrott had no history of chronic pain associated with two major reconstructive back surgeries, and that led to a brutal assault and a complete denial of any type of emergency medical care, White and Wright's untrained medical solution was "Parrott is a lying mother Fucker and deserves to be assaulted". White and Wright's actions not only violated Parrott's Eighth Amendment Right's to the United States Constitution but also violated rules governing the Texas Occupations Code and State Law causing Parrott pain, suffering, physical injury and emotional distress.

## STATE TORTS
### NEGLIGENT FAILURE TO PROTECT

69. Defendants Wallace and Delone owed Plaintiff Parrott a duty of reasonable care to protect him from unqualified medical treatment that led to an unnecessary assault against him.

70. Defendants Wallace and Delone breached that duty by allowing Defendants White and Wright to take up medical supervisory roles at the Mark W. Stiles Unit on September 7, 2019, and providing medical work up treatments for Parrott knowing White and Wright are not qualified medical providers, and said unqualification led to malpractice and a vicious assault against Parrott resulting in serious injury.

71. The breach of duty resulted in serious physical and emotional injury and damages.

72. The breach of duty proximately caused those damages.

73. Defendants Smith and Alexander owed Plaintiff Parrott a duty of reasonable care to protect him from assaults by White and Austin.

74. Defendants Smith and Alexander breached that duty by failing to provide protection to Plaintiff Parrott.

75. The breach of duty resulted in serious physical and emotional injury and damages.

76. The breach of duty proximately caused those damages

77. Defendants White and Wright owed Plaintiff Parrott a duty of reasonable emergency medical care by qualified medical staff.

78 Defendants White and Wright breached that duty by refusing to contact a qualified medical provider, but instead purposely provided unqualified treatment, unsupervised, violating the Texas Occupations Code, resulting in Medical Malpractice, Deceptive Trade Practice, fraud, and negligence and led to a brutal assault against Parrott.

79. The breach of duty resulted in serious physical and emotional injury and damages.

80. The breach of duty proximately caused those damages.

## VII

## RELIEF REQUESTED

WHEREFORE, Plaintiff Parrott requests this Court enter judgment:

### DECLARATION

81. Granting Plaintiff a declaration that the acts and omissions described herein violated his rights under the constitutional laws of the United States, and Texas laws and Statutes, and

### Injunctive Relief

82. A preliminary and permanent injunction ordering defendant Collier to implement new policy, or enforce any existing policy, precluding the use of unqualified LVNs to be the only available medical personnel to practice medical care on patient (Prisoners), unsupervised.

### DAMAGES

### Constitutional / State Torts

83. Granting Plaintiff compensatory damages in the amount:
   (a) $50,000 against Defendants Collier, Alexander, John Doe, Smith, and Delone; severally;
   (b) $100,000 against Wright;
   (c) $200,000 against Austin; and
   (d) $300,000 against White.

84. Plaintiff seeks punitive damages in the amount:

(a.) $ 50,000 against Defendants Collier, Alexander, John Doe, Smith, and Delone, Severally;

(b) $ 100,000 against Wright;

(c) $ 200,000 against Austin, and

(d) $ 500,000 against White.

## JURY TRIAL REQUEST

86. Plaintiff also seeks jury trial on all issues triable by jury,

## COST OF SUIT

87. Plaintiff also seeks recovery of the cost in this suit, and

## ADDITIONAL RELIEF

88. Any additional relief this Court deems just, proper, and equitable.

Dated: October 25, 2020

Respectfully Submitted

Jimmie Mark Parrott, Jr

Stiles Unit / #1621310

3060 FM. 3514

Beaumont, Texas 77705

## VERIFICATION

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and, as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Executed at Beaumont, Texas on October 25, 2020

Jimmie Mark Parrott, Jr

Jimmie Mark Parrott, Jr

Pg 17 of 17 Pgs

A licensed vocational nurse's duties revolve around basic patient care. **LVNs** monitor their patients' vital signs and keep their charts up to date. They assist patients in basic hygiene and personal care, including bathing and dressing them and helping them eat if necessary.

What's the difference between a LVN and RN?

Job Responsibilities

For instance, one thing that separates the two careers **is** that **RNs** work independently **in** many areas, whereas working as an **LVN** requires doing so under the supervision of either a doctor or an **RN**.

1

CAUSE NO.

THE STATE OF TEXAS                    )    IN THE        DISTRICT

V.                                    )    COURT

TAUSHA WHITE                          )    JEFFERSON COUNTY, TEXAS

## CRIMINAL COMPLAINT

On the 7 day of September, 2019 in the county of Jefferson, State of Texas, Tausha White who is an employee of the University of Texas Medical Branch, Correctional managed Health Care at the Mark W. Stiles prison facility did then and there intentionally and knowingly use profane and abusive language against Jimmie Mark Parrott, Jr. who is a prisoner of the State of Texas assigned to the Mark W. Stiles prison facility, by calling him a lying mother fucker several times and telling him to get his lying ass up, at the same time denying him emergency medical treatment, thus is a violation of the Texas Penal Code 39.04.

In addition to her use of profane and abusive language against Jimmie Mark Parrott, Jr. and at the time and place

listed above Tausha White did then and there intentionally and knowingly mistreat Jimmie Mark Parrott, Jr. who is a disabled person by physically flipping him off of a medical gurney onto his face, at the same time denying him necessary emergency medical treatment, knowing said conduct can and probably will cause serious bodily injury, thus is a violation of the Texas Penal Code(s) 39.04 and 22.01.

Jimmie Mark Parrott, Jr. brings said criminal complaint as rights set forth and under TX. Code Crim. Proc. Art. 56.01, and seeks those rights to be enforced under TX. Code Crim. Proc. Art 56.04 (Victims Assistance Coordinator).

## UNSWORN DECLARATION
### Tex. Civ. Prac. & Rem. 132.001(e)

"My name is Jimmie Mark Parrott, Jr. My date of birth is May 24, 1963 and my inmate identifying number is 1621310. I am presently incarcerated in the Mark W. Stiles Unit in Beaumont, Jefferson County, Texas 77705. I declare under penalty of perjury that the foregoing is true and correct. Executed on the 31 day of August, 2020."

_Jimmie Mark Parrott, Jr._
Affiant

**Texas Department of Criminal Justice**

# STEP 1

**OFFENDER GRIEVANCE FORM**

$8L - 05B$

| OFFICE USE ONLY |
|---|
| Grievance #: _2020004575_ |
| Date Received: **SEP 1 0 2019** |
| Date Due: _10 - 26 -19_ |
| Grievance Code: _002_ |
| Investigator ID #: _TP2634191R_ |
| Extension Date: _____ |
| Date Retd to Offender: _NOV 1 2 2019_ |

Offender Name: _Jimmie Mark Parrott, Jr._ TDCJ # _1691310_

Unit: _Stiles_ Housing Assignment: _8bldg-J-9T-B_

Unit where incident occurred: _Stiles_

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? _____ When? _____

What was their response? _Emergency Grievance To The Warden_

What action was taken? _I need immediate help that I can not receive other-wise._

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

On 9/7/19, at approximately 1:00 a.m. while inside my cell I lost feeling in my left leg and collapsed, slamming onto the floor. I could not move because of pain. Medical staff was called and an unknown black female nurse demanded that I get up. I told her that I can't because I am in too much pain. She got frustrated and ordered CO's to put me on a back board and place me on a gurney. On the way to the infirmary she told me that I am a lying motherfucker and that I am not in pain and did not fall. She displayed her anger by forcefully running the gurney into 10bldg gate injuring my left arm. At the infirmary the same nurse ordered me to get off the gurney and onto a bed, NOW! I told her that I can hardly move because of pain, to please give me a minute. The nurse became soirate and hostile that she motioned for a white female sergeant to grab one side of the back board and the two of them together flipped me up in the air and over with such extreme force and violence that I flew up and onto the bed landing on my face and stomach causing me to almost pass out from the pain. Then she told me that I would be more comfortable if I would turn over and laughed. Then she made a joke by saying "I am so mean", causing everyone to laugh at what she said. Then the nurse told me that she has looked at the computer and that I have no history of back problems and to get my lying ass up. Then the white female sergeant demanded that I get up accusing me of lying. Then the nurse and an unknown CO and lieutenant to use force to make me sit up and removed me from the bed onto a wheelchair and take me back to my cell, which they complied. See: cameras, that is why they were installed, to disclose truth. The misuse of force has caused me further injury to my back and legs. The denial of emergency medical treatment resulted in unnecessary pain and suffering. My medical records reveal substantial back injuries that require a providers attention. The nurse not only used a misuse of force, but did not obey UTMB nurse protocol. She should have called a provider. Now, I hear that I can not get any

I-127 Front (Revised 11-2010)   YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM   (OVER)

Appendix F

are ( reated from misuse of force by the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v. Mc Millian 112 S. Ct 995, 998-99 (1992) When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated. Winder v. Leak, 790 F. Supp 1403, 1407 (N.D Ill 1993) (pushing a disabled inmate and causing him to fall violated the Eighth Amendment); Lindsey v. City of St. Paul, 732 F. Supp 1000, 1002-03 (D. Minn. 1990) (Constitutional claim was stated by an allegation that a elderly woman was pushed to the ground by police). I am a 57 year old elderly inmate who was classified disabled while free, and my medical records and restriction reveal the need for a more subtle treatment. Security and Medical staff could see this but chose to use excessive unnecessary force against me resulting in injury.

**Action Requested to resolve your Complaint.**
To notify OIG, To invoke OPI, To reassign to a smaller medical facility. To get me to a hospital for orthopedic treatment and surgery. Post surgery physical therapy, Proper medical treatment.

Offender Signature: _Jimmie Mark Parnell, Jr._     Date: _9/7/2019_

**Grievance Response:**

Due to the nature of your allegation, a copy of your claim was sent to the Regional Grievance Office for coordination with the Office of the Inspector General (O.I.G). The O.I.G. has concluded that a case file will not be opened. This office concludes that no action is warranted.

Warden K. Smith

Signature Authority: _____     Date: _11/6/8_

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

**Returned because:**    *Resubmit this form when the corrections are made.

- [ ] 1. Grievable time period has expired.
- [ ] 2. Submission in excess of 1 every 7 days. *
- [ ] 3. Originals not submitted. *
- [ ] 4. Inappropriate/Excessive attachments. *
- [ ] 5. No documented attempt at informal resolution. *
- [ ] 6. No requested relief is stated. *
- [ ] 7. Malicious use of vulgar, indecent, or physically threatening language. *
- [ ] 8. The issue presented is not grievable.
- [ ] 9. Redundant, Refer to grievance #_____
- [ ] 10. Illegible/Incomprehensible. *
- [ ] 11. Inappropriate. *

UGI Printed Name/Signature: _____

Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.

Medical Signature Authority: _____

<table>
<tr><td colspan="2"><strong>OFFICE USE ONLY</strong></td></tr>
<tr><td>Initial Submission</td><td>UGI Initials:_____</td></tr>
<tr><td colspan="2">Grievance #: _____</td></tr>
<tr><td colspan="2">Screening Criteria Used: _____</td></tr>
<tr><td colspan="2">Date Recd from Offender: _____</td></tr>
<tr><td colspan="2">Date Returned to Offender: _____</td></tr>
<tr><td>2nd Submission</td><td>UGI Initials:_____</td></tr>
<tr><td colspan="2">Grievance #: _____</td></tr>
<tr><td colspan="2">Screening Criteria Used: _____</td></tr>
<tr><td colspan="2">Date Recd from Offender: _____</td></tr>
<tr><td colspan="2">Date Returned to Offender: _____</td></tr>
<tr><td>3rd Submission</td><td>UGI Initials:_____</td></tr>
<tr><td colspan="2">Grievance #: _____</td></tr>
<tr><td colspan="2">Screening Criteria Used: _____</td></tr>
<tr><td colspan="2">Date Recd from Offender: _____</td></tr>
<tr><td colspan="2">Date Returned to Offender: _____</td></tr>
</table>

Appendix F



**Texas Department of Criminal Justice**

# STEP 2

IT 136

**OFFENDER GRIEVANCE FORM**

OFFICE USE ONLY

Grievance #: 2020004575

UGI Recd Date: 2-10-2020

HQ Recd Date: FEB 13 2020

Date Due: 3-21

Grievance Code: 002

Investigator ID#: _____

Extension Date: _____

Offender Name: Jimmie Mark Parrott, Jr.   TDCJ # 1621310

Unit: Stiles   Housing Assignment: 8 L-5 B

Unit where incident occurred: Stiles

---

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

---

**Give reason for appeal (Be Specific).**    *I am dissatisfied with the response at Step 1 because...*

Captain Tuerbiorte investigated the video surveillance on 8 bldg, J-Pod, 2 Section, and the Stiles Unit Infirmary confirming exactly what I said occured. He named each individual involved, LVN White, LVN Wright, Lieutenant S. Smith, Sergeant Austin, and CO. Alexander, yet, no action was taken. The matter was completely covered up by the TDCJ-ID staff, UTMB staff, and OIG staff. "Any entity that oversees itself is inherently corrupt." That statement applies in this instant matter. Since I have brought the claims in my Step 1 grievance I have been retaliated against by the Stiles Unit medical staff and can not receive adequate medical care and treatment. I have been, and continue to, suffering physical, mental, and emotional injury as a result of what occured. I would like to file a criminal complaint in Jefferson County against LVN White and Sergeant Austin for assault for flipping me over on my face, causing me further injury to my back. I should be reassigned away from the Stiles Unit because I feel that my health and safty are in jeopardy by UTMB and the TDCJ-ID staff. I believe it is the duty of the TDCJ-ID to assist in a proper investigation and criminal complaint against these persons.

---

**I-128 Front** (Revised 11-2010)    **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**    (OVER)

Appendix G

**Offender Signature:** _Jimmie Mark Prasatt, Jr_   **Date:** _November 14, 2019_

**Grievance Response:**

This issue has been reviewed by The Office of the Inspector General and that office has determined that there is insufficient evidence to warrant opening a case. No further action will be taken.

Offender Signature:                                           Date:

Grievance Response:

**Signature Authority:** _V. Barrow_   **Date:** _3-13-20_

V. BARROW

---

**Returned because:**   *Resubmit this form when corrections are made.

☒ **1. Grievable time period has expired.**

☒ **2. Illegible/Incomprehensible.***

☒ **3. Originals not submitted. ***

☒ **4. Inappropriate/Excessive attachments.***

☒ **5. Malicious use of vulgar, indecent, or physically threatening language.**

☒ **6. Inappropriate.***

**CGO Staff Signature:** _____

Grievance Response:

Grievance Response:

Signature Authority:

Returned because:   *Resubmit this form when corrections are m.

☐ 1. Grievable time period has expired.

I-128 Back (Revised 11-2010)

☐ 3. Originals not submitted. *

| OFFICE USE ONLY | |
|---|---|
| **Initial Submission** | **CGO Initials:** _____ |
| Date UGI Recd: | |
| Date CGO Recd: | |
| (check one) ___ Screened ___ Improperly Submitted | |
| Comments: | |
| Date Returned to Offender: | |
| **2nd Submission** | **CGO Initials:** _____ |
| Date UGI Recd: | |
| Date CGO Recd: | |
| (check one) ___ Screened ___ Improperly Submitted | |
| Comments: | |
| Date Returned to Offender: | |
| **3rd Submission** | **CGO Initials:** _____ |
| Date UGI Recd: | |
| Date CGO Recd: | |
| (check one) ___ Screened ___ Improperly Submitted | |
| Comments: | |
| Date Returned to Offender: | |

**I-128 Back (Revised 11-2010)**                    **Appendix G**

*Carbon Copy*

Texas Department of Criminal Justice
Mark W. Stiles Unit

General Statement

"Captain Turnblade's
Investigation Statement"

Jimmie Mark Parrott, Jr          1621310

9/12/2019

On 9/7/2019, at approximately 1:00 am., and at 27 cell J-Pod
2 section I fell inside my cell when my left leg gave way and I lost
feeling. My cellmate, Alberto Garcia, 2137651, notified security who in
turn notified the Stiles Unit Medical Infirmary. A Ms. White, LVN came to
my cell along with Sergeant Austin and Lieutenant Smith. Ms. White
demanded that I get up. When I could not comply she ordered security
to put me on a plastic back board on load me on a gurney for transport
transport to the infirmary. On the way from 8 bldg to the infirmary the
Nurse, Ms. White, called me a lying mother fucker. Accused me of not
falling and said that I was not in any pain. To show her aggression
and aggravation she ran the gurney into 10 bldg gate twice, injuring
my left arm. When security and Ms White got me inside the
infirmary I was parked beside a hospital bed. Ms. White demanded
that I get off the gurney and onto the bed immediately. I told her
that I am in a lot of pain to please give me a minute. Ms. White
became irate and very hostile and motioned for Sergeant Austin to
grab one side of the plastic back board with her and the two of them
flipped me up into the air and onto my face and stomach half
way onto the hospital bed. I lay there almost passing out from the
amount of pain she they had caused me. I told Nurse White "I can
not believe you just assaulted me!" She said I did not do anything
to you. Did any body see me do anything to him? There were about
ten or more security staff and medical staff inside the infirmary all
sitting around and said "NO we didn't see you do a thing to him"
Then Nurse White said "you would be more comfortable if you would
turn over" and laughed. Then she said "I AM SO MEAN!" and everybody
laughed. Then Nurse White demanded that I turn over. Rather than
face another brutal assault I forced myself to turn over. Then Nurse
White accused me of manipulating the blood pressure machine because
my blood pressure was high, a showing of severe pain and suffering.
Then Nurse White demanded that I get up. Called me a liar. Said I was

Jimmie Mark Parrott

Page 1

not in any pain. To get my lying ass up, That if I think I am there to get pain medication to forget that, Then she instructed a black male CO, to forcefully push me upright. I told Nurse White and the CO, to please not do this. That I have a bad back and I am injured. Nurse White told me that I am a liar, That I have no history of back problems. To get my lying ass up. Then Sergeant Austin started demanding that I get my lying ass up, I told both White and Austin that they do not know what they are doing, That I have had surgery and I do have a history of back problems. Sgt. Austin became irrate and started screaming at me "If we don't know what were doing then get up and get out of here. While back to your cell. I told them that I can't. That I am in too much pain." Nurse White refused to call a provider or treat me as an emergency. Then Nurse White had Lieutenant Smith and the black male CO. physically remove me from the hospital bed, and put me in a wheelchair. Lieutenant Smith agreed to push me back to my cell. On the way out the infirmary I said to Nurse White and Sgt. Austin, "I can not believe you are doing this." Sgt. Austin gave me the middle finger. On the way back to my cell Lieutenant Smith asked me what kind of problems that I have with my back. I could tell he did not like what happened to me inside the infirmary. But because he is from another region, Tennessee Colony, he really was just kinda rescuing me from more brutal misuse of forces I told him "You saw what they did to me, You saw them flip me upside down and hurt me." He said "Hey, I did not see anything." He's trying to not involve himself. I said yes you did, You were standing right there." He told me "Just calm down. You'll see a doctor during the day. You're surely not going to get any medical attention in there." That statement came from a Lieutenant. I told him that is so wrong what just happened to me, If a federal judge could see what they did to me they would be arrested. Now, I must suffer until something is done. Lieutenant Smith pushed me back to my cell and my cellmate helped me into my bunk where I layed for 24 hours in severe pain and suffering because I could not move. Now, I am in real bad shape with my back and the sciatica nerves in my legs. I was assaulted by staff and denied emergency medical treatment. I thought there were cameras inside the infirmary to catch the assaite assault. But I will swear under penalty of perjury that what I just written is true and correct. I am requesting a thorough investigation by OIG and a smaller medical facility reassignment. I feel that my safety and health are in jeopardy. I would like a written result of this investigation.       Respectfully submitted

Jimmie Mark Persall
#1621310

OFFENDER PROTECTION INVESTIGATION

September 7, 2019

## OFFENDER STATMENT

On 9/7/19 at approximately 1:00 a.m. and at the Stiles Unit infirmary the unnecessary use of force was committed against me by four individuals, An unknown black female nurse who was in charge of the infirmary, and responsible for emergency medical treatment of prisoners (patients) who require urgent medical care; An unknown white female Sergeant who is legally responsible for the safty of prisoners by her subordinates and medical staff; An unknown black male C.O. who is responsible for the safty and care of prisoners who are under his care, custody, and control; And an unknown white male lieutenant who is legally responsible for the safty, care, and welfare of all prisoners, as well as the overall operations of both security and medical staff to assure that all policies and rules are obeyed. The misuse of force caused serious injury to my back, causing a reoccurrence of pain in my right leg, that otherwise would not have occured if I was not assaulted. (See attached copy of step 1 grievance).

Video footage taken by security cameras will corroborate my allegations of the misuse of force so that appropriate action can be taken.

I was not posing an immediate threat to security or medical staff. I was not acting hostile or unruly. I was not creating a disturbance. I was in the infirmary seeking emergency medical

treatment associated with a spinal cord injury, (See Attached RX)
I had collapsed in my cell, falling on the floor with such force that
it awakened my cell mate. My cell mate summons the rover C.O, and
the infirmary was called for emergency care. When the black female
nurse arrived she demanded that I get up. When I could not lift myself
from the floor she instructed CO's to place me on a plastic back board
and put me on a gurney. When we were out of earshot of 8bldg-
security staff the nurse started saying that I was a lying mother-
fucker and that I did not fall, and that I am not in any pain. That
she does not have time to mess with me. She deliberately ran the
gurney into 10 bldg gate, twice, injuring my left arm.

When we arrived at the infirmary the nurse demanded that I
get off the gurney and onto the bed, NOW! I told her that I can
hardly move because I am experiencing a lot of pain, to please
give me a minute. The nurse motioned for the sergeant to grab
a hold of one side of the back board with her and together the
two of them flipped me up and over onto my face and stomach
, with such violence and force, that I thought that I would
pass out from the pain. The the nurse told me that I would
be more comfortable if I turned over, and laughed. I layed
in the face down position in excruciating pain for a while
until the nurse demanded that I turn over. Although, I was
experiencing severe nausia and dizziness from the pain

because of the violent flipping of me, I forced myself to turn over because I was in fear that staff were going to start assaulting me again. Then the nurse demanded that I get up, She accused me of manipulating the blood pressure machine because my blood pressure was high and that indicates pain and suffering. She said that she has looked at my medical records on the computer and I have no history of back problems. That I am a liar. That she wants me to get up now. That she does not have time to mess with my lying ass. That she wants me to get up and walk back to my cell, NOW!

Then the white sergeant demanded that I get up, NOW! That I am not in any pain and get up, NOW!

Then the nurse instructed the CO to push me upright even though I complained of severe pain.

Then the lieutenant came and the C.O. assisted in forcefully picking me up and putting me in a wheelchair. I told them that this is so wrong, that I need emergency medical care by a doctor. That I am suffering in severe pain, Please do not do this to me. Please. I begged them.

The lieutenant pushed me back to my cell. On the way out of the infirmary the white sergeant shot me her middle finger when I told her that I can not believe she is letting this happen.

When I arrived back to my cell my cell mate had to help me get in my bunk where I layed all day without a shower or food because of so much pain and suffering associated with the misuse of force against me. NOW!, I have a reoccurencing severe pain in my right leg. I am probably going to have to get another myelogram C.T. to see what damage was caused to me by the hostile flipping me, and forceable inflicting pain and suffering by misuse of force in making me sit up and stand knowing that I can be possibly severely injured.

I am in need of emergency medical treatment, bad! I refused to go back to the Stiles Unit infirmary. I am in fear for my safty, health, and life. I can not risk another hostile assault by staff. I may end up paralized next time. They may kill me.

If you refuse to help me, after reviewing the cameras, I will have to contact my family. My sister, Cynthia Ann Mclamore, Ex-TDCJ guard, knows the proper entity to contact. She's not going to tolerate staff assaulting me. She knows how dirty staff can be thinking they are immune to accountability. But not this time. IT'S ALL ON CAMERA, THEY'RE CAUGHT! OIG needs to be called. Then you need to contact the District Attorney's office of Jefferson C°.

Does this look like I do not have a history of back problem?

PARROTT, JIMMIE M
01621310      8J21 CELL 27
IBUPROFEN 800MG TABLET
KOP 1 TABLETS ORAL 3 TIMES DAILY
FOR 30 DAYS. SPINAL CORD IUNJRY.
WAITING FOR SURGERY.
07/28/2019 THRU 09/27/2019
CHRISTY, CHARLES R A        Refill 2 of 2
14  27011118    P    JVA    CRAC    #00090
CMC Pharmacy/2400 Ave. 1 Huntsville, TX 77340 888-622-6252        MXS    ST

PARROTT ST0016213102704166055920111118001

Respectfully Submitted
Jimmie Mark Parrott, Jr.
Stiles Unit / # 1621310

September 11, 2019                                           CC.

Edward Deleon, Sr. Medical Practice Manager
Stiles Unit
3060 F.M. 3514
Beaumont, Texas 77705

re: Medical Request

Dear Mr. Deleon:

By now you are aware that misuse of force and the denial of emergency medical care were committed against me by your medical staff on 9/7/19 at approximately 1:00 a.m. while inside the infirmary. Because of this I am in fear of returning for much needed medical treatment. Its all on security camera footage. It can not be secreted or hidden.

What are you going to do about me, now? Don't you have a duty to report this to your superiors? You can't just leave me back here to suffer without medical care. You can't expect me to go back to the infirmary for another possible assault.

Possibly you can lay me in to see Dr. Miller on 8 bldg. I trust Dr. Miller. I need pain medication badly. I have nothing but cymbalta, at the pill window, and it does not work at all. I really need a walker now, The cane is not working any more.

Jimmie Mark Parrott, Jr
8 bldg, J-27-B / #1621310

September 13, 2019                                          Carbon Copy

Captain Turribiate
Stiles Unit
3060 FM, 3514
Beaumont, Texas 77705

re: Complaint / Letter

Dear Captain Turribiate:

On 9/13/2019 I was summons to your office in 1 building. At that time you and I discussed my accusation of misuse of force by S. Smith, Sgt. Austin, and LVN, Ms. White, and an unknown black male C.O., you instructed me to file a formal statement of facts on a TDCJ-ID instrument with proper letter head. Because I did not have me reading glasses you told me that you would send a sergeant to my cell later to retrieve it. I obeyed your orders and wrote the statement but you failed to send a sergeant to pick it up. So, I sent it with the sergeant assigned to 8bldg. I personally handed it to him in front of the 8bldg picket, right by the mail boxes, at approximately 4:00 a.m. when J-Pod was let out to eat breakfast. Did you receive my statement? If not you can view the cameras to prove what I said is true and ask the sergeant where it is.

Sir, you also assured me that you would try to have me moved to 12 bldg. because I am in such critical shape.

-1-

You also said that you would secure me an appointment to be seen by a provider "Medical Doctor" without having to go thru NSC. I received another NSC. for 9/16/19 at 9:00 am. I am not going back to that infirmary to be assaulted again.

Sir, what happens to me now if I need emergency medical treatment, say at night? I can not risk another brutal assault by staff. I am already in critical shape. I am old and I just can not take such abuse any more.

Will you please recommend that I be transferred off the Stiles unit. I am in fear from assault and misuse of force by staff. I am in critical shape. I have no pain medications. I simply can not receive medical treatment here without the threat of bodily injury.

If you did not receive the copy of my statement I have a carbon copy that you can make a copy of.

Thank you for your valuable time and concern.

Respectfully Submitted
Jimmie Mark Parrott, Jr
Stiles Unit / #1621310
3060 F.M. 3514
Beaumont, Texas 77705

-2-



**Texas Department of Criminal Justice**

# STEP 1

OFFENDER
GRIEVANCE FORM

OFFICE USE ONLY

Grievance #: _____

Date Received: _____

Date Due: _____

Grievance Code: _____

Investigator ID #: _____

Extension Date: _____

Date Retd to Offender: _____

Offender Name: Jimmie Mark Paccott, Jr   TDCJ # 1621310

Unit: Mark W. Stiles   Housing Assignment: 4 F 3 B

Unit where incident occurred: Mark W. Stiles

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? Captain Turnwhite   When? Sept. 13, 2019

What was their response? I reviewed the surveillance cameras, yes you were taken to medical

What action was taken? Filled out General Statement Use of Force / Refered to OIG

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

On 9/7/19 at 1:00 p.m. I was taken to the infirmary for an ICS by Tousha White, Annvacia Wright Sgt. Austin, and Lt. Smith. I was assaulted by White and Austin when we got there. Capt. Turnwhite and OIG supposedly investigated the matter. Video surveillance confirmed what I said was true but no action was taken. A very reliable medical source has recently came forward, I will with hold his name to protect his identity, and told me what really happened. He said there really never was a thorough investigation because White and Wright are only LVNs and not suppose to provide medical treatment to prisoners, unsupervised. He said they really did not know what they were doing and should have never been left all alone on a big medical facility without at minimum a RN to supervise and instruct them. He said they should have called a provider but because they are untrained and unqualified they did not know, and there was no one qualified to help them with such an emergency. Instead, White figured she would just threaten me and try to get me to leave and go back to my cell because she and Wright had no experience in handling my emergency situation. He said her threats turned into violence and then the assault. When she seen that she had injured me worse than I already was she had Wright say that I have no history of back problems and ordered CO. Alexander and Lt. Smith to put me in a wheelchair and push me back to my cell. Then the two of them, White and Wright, decided not to file any emergency medical record of me being inside the infirmary to cover up their criminal conduct. He said that when I filed my original complaint all hell broke loose. That Edward Delane, Warden Wallace, Capt. Turnwhite, and OIG knew about this. That because White and Wright were not qualified, the purposely failing to call a provider or file a record, and no qualified staff on duty to assist them was a liability concern, not to mention unlawful. So, they purposely did not investigate the matter because they would have to explain

I-127 Front (Revised 11-2010)   YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM   (OVER)

Appendix F

Why [...] to prisoners, and most of all why was there no medical record filed of me inside the infirmary for injuries sustained when I fell "and" after the assault? He told me that the TDCJ and UTMB CMHC would have a lot to answer for so rather than open up a can of worms, they just covered it up and allowed me to suffer with injuries untreated. Because of my complaints I have been purposely denied medical care and all specialist appointments canceled on purpose because if the specialist confirms additional injury by White and Austin it will corroborate what I said. I was assaulted. White and Wright broke the law. Sgt. Austin participated in the brutal assault. Capt Tullubinte Warden William Delene and OIG knew.

**Action Requested to resolve your Complaint.**
To reopen the unlawful criminal conduct. To notify Brian Collier so that he can file criminal complaints pursuant to TX Gov Code 501-002. A proper investigation.

Offender Signature: _Jimmie Meade Purcell, Jr._      Date: _11/1/2020_

**Grievance Response:**




**Signature Authority:** _____      Date: _____

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

**Returned because:**    *Resubmit this form when the corrections are made.

☐ 1. Grievable time period has expired.
☐ 2. Submission in excess of 1 every 7 days. *
☐ 3. Originals not submitted. *
☐ 4. Inappropriate/Excessive attachments. *
☐ 5. No documented attempt at informal resolution. *
☐ 6. No requested relief is stated. *
☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *
☐ 8. The issue presented is not grievable.
☐ 9. Redundant, Refer to grievance #_____
☐ 10. Illegible/Incomprehensible. *
☐ 11. Inappropriate. *

UGI Printed Name/Signature: _____

Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.

Medical Signature Authority: _____

I-127 Back (Revised 11-2010)

**OFFICE USE ONLY**

Initial Submission    UGI Initials:_____

Grievance #: _____

Screening Criteria Used: _____

Date Recd from Offender: _____

Date Returned to Offender: _____

2nd Submission    UGI Initials:_____

Grievance #: _____

Screening Criteria Used: _____

Date Recd from Offender: _____

Date Returned to Offender: _____

3rd Submission    UGI Initials:_____

Grievance #: _____

Screening Criteria Used: _____

Date Recd from Offender: _____

Date Returned to Offender: _____

Appendix F

November 2, 2020                                    Carbon Copy

Sr. Practice Mgr. Thomas
Mark W. Stiles Prison "Medical Dept."
3060 F.M. 3514
Beaumont, Texas 77705

In re: MR# 774702P

Dear Mr. Thomas:

On 9/7/2019 I fell inside my cell when my left leg
went out from sciatica, and an injury that has been left untreated
for so long. LVN White and LVN Wright responded to an emergency
ICS, transporting me by gurney to the infirmary. My blood
pressure was taken, which proved to be very high indicating extreme
pain, and I could not walk. Pursuant to the CMHC nursing
protocol for Musculoskeletal Symptoms it reads: If any of
the following are witnessed or reported, initiate the Urgent/Emergent
Care Record (HSM-16) and if indicated the appropriate Standing
Delegated Orders: I.d. If V/S are outside the following parameters
(B.P. . . . greater than 180/110, pulse _ _ _ greater than 110/min _ _ _;
I.g. Difficulty Walking; and I.i. Patient sustains an injury, which
requires additional analysis (ie. sutures, x-ray).
    Then it goes on to read: After completion of the nursing

Pg 1 of 2 Pgs

assessment in the Urgent/Emergent Care Record and vital signs notify provider immediately.

First and fore most who was the Delegated nurse under CMBC policy E-43.1? Was it White or Wright because they were the only two medical staff available that night at 1:00 a.m.?

It has been brought to my attention that there is no medical record of me ever being brought in the infirmary for emergency medical care on 9/7/19 at 1:00 a.m.. What happened to the Urgent/Emergent Care Record (HSM-16)? It needs to be forwarded to the orthopedic specialist for consideration. If that HSM-16 record has disappeared then we have a very big problem. Either it was purposely never filed or purposely redacted (ERASED). If it was never filed or erased, Why?

I think you have an administrative duty to investigate this very important matter. I need that record. I need to know what provider was summoned or called. I need everything that occured that night. There is video surveillance proving that I was in there for emergency medical care. Where's the HSM-16?

Respectfully Submitted
Jimmie Mack Parrots, Jr
Stiles Unit/#1621310
3060 F.M. 3514
Beaumont, Texas 77705

1:20 cv 454

October 25, 2020

Clerk
U.S. District Court
300 Willow Street, Suite 104
Beaumont, Texas 77701

In re: Jimmie Mark Parrott, Jr. V. Brian Collier, et al   Civil Action No.____

Dear Mr. O'Toole:

Enclosed is my civil rights law suit in the above
entitled cause. Will you please file said instrument, assign
a cause number and mail me confirmation.
Thank you for your valuable time and assistance.

Respectfully Submitted
Jimmie Mark Parrott, Jr
Stiles Unit / #1621310
3060 Fm. 3514
Beaumont, Texas 77705

Jimmie Mark Parrott, Jr.
Stiles Unit / #1621310
3060 F.M. 3514
Beaumont, Texas 77705





CLERK, U.S. DISTRICT COURT
RECEIVED

NOV 05 2020

EASTERN DISTRICT OF TEXAS
BEAUMONT, TEXAS

U.S. POSTAGE PAID
FCM LETTER
BEAUMONT, TX
77701
NOV 03 20
AMOUNT
$0.00
R2304E104977-1

LEGAL
MAIL

CLERK
U.S. DISTRICT COURT
300 WILLOW STREET, SUITE 104
BEAUMONT, TEXAS 77701