IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JIMMIE MARK PARROTT, JR. | § | |
| VS. | § | CIVIL ACTION NO. 1:20cv454 |
| BRIAN COLLIER, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Jimmie Mark Parrott, Jr., a prisoner confined at the Stiles Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, brings this lawsuit pursuant to 42 U.S.C. § 1983 against Brian Collier, Tausha White, Edward Delone, David Turrubiate, Jr., Stanley Smith, Darren Wallace, Kelli Austin, and Annuncia Wright.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

On September 7, 2019, plaintiff claims that because of two previous back surgeries he lost feeling in his left leg and fell while inside his cell. Plaintiff claims he could not get up and an "emergency ICS was called." Plaintiff states that defendants White and Wright, both Licensed Vocational Nurses, responded to the call along with defendant Smith, a security Lieutenant, and defendant Austin, a security sergeant. Plaintiff alleges defendants White and Wright were angry about having to respond to the emergency ICS and accused him of lying and faking an injury. Plaintiff claims defendant White ordered him to "get up." Plaintiff claims that, when he could not comply with defendant White's order, he was transferred to the infirmary on a medical gurney.

On the way to the infirmary, plaintiff alleges defendant White called him a "lying M----- F----" and that both White and Wright purposely twice ran the gurney into the gate at 10 Building, injuring his left arm.

After arriving at the infirmary, plaintiff claims he could not comply with a demand to get off of the gurney and onto a medical bed. When he failed to comply, plaintiff claims defendants White and Austin both grabbed the plastic back board on which he was laying and flipped it into the air, causing plaintiff to land upside down halfway on the bed and halfway on the floor. Plaintiff claims this caused severe pain to shoot down his right leg. Plaintiff claims the defendants' conduct was a criminal act of unnecessary force. Plaintiff alleges the use of unnecessary force resulted in severe injury to his lower lumbar and sciatic nerve.

Plaintiff claims defendants White and Wright were the only medical staff on duty at the time and were not legally qualified to provide emergency treatment, in violation of the Texas Occupational Code and Texas statutes. Plaintiff alleges defendants White and Wright deliberately mistreated him and purposely denied him qualified medical assistance. Further, plaintiff claims defendants White and Wright purposely refused to "file any emergency medical treatment or nurse's record in order to hide and secrete" the alleged assault and their illegal roles as qualified medical staff.

Next, plaintiff claims defendant White ordered Alexander, a correctional officer, to push him off of the bed attempting to make plaintiff stand up even knowing plaintiff was injured and suffering severe pain and discomfort. Plaintiff asserts that Alexander is not a qualified medical staff member and should not have touched him. Plaintiff claims Alexander's "mistreatment" of him is punishable under the Texas Penal Code.

After seeing he could not walk, plaintiff claims that defendants White and Wright ordered Alexander and defendant Smith to physically pick up plaintiff and place him onto a wheelchair to be pushed back to his cell without ever evaluating him for injury. Plaintiff further claims that, after witnessing he could not walk and had not received treatment, defendant Smith and Alexander returned him to his cell where he "lay for the next 24 hours in severe pain and discomfort, having to rely on [his] cell mate to provide and care for [him]."

Plaintiff states he filed a prison grievance through the institutional grievance procedure and filed an official complaint which was investigated by defendant Turrubiate, a Captain. Plaintiff claims

Turrubiate "confirmed [his] allegation to be true by the corroboration of video surveillance," but refused to prosecute the matter. Plaintiff claims Turrubiate has a legal duty and ethical obligation to prosecute the matter under prison policy and the Texas Penal Code. Plaintiff alleges defendant John Doe, an investigator with the Office of Inspector General ("OIG"), also refused to take action to prosecute the matter.

Plaintiff states defendant Delone, a Senior Practice Manager, is the designated facility health authority. Plaintiff claims Delone was deliberately indifferent to his medical needs by purposely not enforcing policy to protect him from the unauthorized and unlawful medical treatment provided by defendants White and Wright.

Plaintiff asserts that defendant Wallace is the Senior Warden at the Stiles Unit and is legally responsible for overall operations, enforcement of policy, and the welfare of all inmates assigned to the prison. Plaintiff claims Wallace acted with deliberate indifference by failing to implement, enforce, or report violations of policy regarding alleged illegal and unauthorized medical treatment and assaults by staff.

## The Defendants' Motion for Summary Judgment

The defendants were ordered to answer plaintiff's complaint. Pending before the court is the defendants' motion for summary judgment (ECF No. 24). Defendants Tausha White, Annuncia Wright, Kelli Austin, and Stanley Smith assert that plaintiff's claims for excessive force, deliberate indifference, and negligence should be dismissed. The defendants contend they did not use excessive force or disregard known risks to his health or safety. Further, they contend plaintiff suffered no injury, and they are entitled to qualified immunity. Finally, the defendants contend plaintiff's negligence claim is barred by the Texas Tort Claims Act.

## Standard of Review

### *Failure to State a Claim*

A complaint fails to state a claim upon which relief may be granted if the factual allegations are not sufficient to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly,*

550 U.S. 544, 555, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007).  Dismissal for failure to state a claim is appropriate when the Plaintiff has failed to plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. 544, 570).  Plaintiffs must state enough facts to "nudge[] their claims across the line from conceivable to plausible."  *Twombly*, 550 U.S. 544, 570.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  At the 12(b)(6) stage, a court "must accept all well-pleaded fact alleged in the complaint as true and must construe the allegations in the light that is most favorable to the plaintiff."  *Cent. Laborers' Pension Fund v. Integrated Elec. Servs.,* 497 F. 3d 546, 550 (5th Cir. 2007).  However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678.  "[R]egardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."  *Taylor v. Books a Million, Inc.,* 296 F.3d 376, 378 (5th Cir. 2002) (internal quotations omitted).

*Summary Judgment*

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED.R.CIV.P. 56(a).  A fact is material if it could affect the outcome of the case under the governing law.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986); *Instone Travel Tech Marine & Offshore v. Int'l Shipping Partners, Inc.*, 334 F.3d 423, 427 (5th Cir. 2003).  A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson*, 477 U.S. at 248; *Instone Travel Tech*, 334 F.3d at 427.

The party seeking summary judgment carries the initial burden of demonstrating that there is an absence of evidence to support the non-moving party's case.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003).  "Before the non-

moving party is required to produce evidence in opposition to the motion, the moving party must first satisfy its obligation of demonstrating that there are no factual issues warranting trial." *Commander v. BASF Wyandotte Corp.*, 978 F.2d 924, 927 n.4 (5th Cir. 1992). After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing that there is a genuine issue for trial. FED.R.CIV.P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003).

Because summary judgment is a final adjudication on the merits, courts must employ the device cautiously. *Hulsey v. State of Texas*, 929 F.2d 168, 170 (5th Cir. 1991); *Jackson v. Procunier,* 789 F.2d 307 (5th Cir. 1986). In prisoner *pro se* cases, courts must be careful to "guard against premature truncation of legitimate lawsuits merely because of unskilled presentations." *Naranjo v. Thompson*, 809 F.3d 793, 806 (5th Cir. 2015) (*quoting Murrell v. Bennett*, 615 F.2d 306, 311 (5th Cir. 1980)).

<u>Analysis</u>

I.   *Elements of a Cause of Action under 42 U.S.C. § 1983*

Title 42 U.S.C. § 1983 authorizes a suit in equity, or other proper proceeding for redressing violations of the Constitution and federal law by those acting under color of state law. *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004); *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). It provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983.

II.  *Excessive Force*

In addressing an excessive use of force claim, analysis begins by identifying the specific constitutional right allegedly infringed upon by the challenged application of force. *See Graham v. Connor,* 490 U.S. 386 (1992). The claim of a convicted prisoner is judged against the Eighth Amendment standard set out in *Hudson v. McMillian,* 503 U.S. 1 (1992). "Whenever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments

Clause, the core judicial inquiry is that set out in *Whitley:* whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson,* 503 U.S. at 6-7 (*quoting Whitley v. Albers,* 475 U.S. 312, 321 (1986)).

Several factors are relevant in determining whether the force used was excessive: (1) the extent of the injury suffered; (2) the need for the application of force; (3) the relationship between the need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity of a forceful response. *See Hudson*, 503 U.S. at 7; *see also Baldwin v. Stalder,* 137 F.3d 836, 839 (5th Cir. 1998). Not every malevolent touch by a prison guard gives rise to a federal cause of action. *Hudson,* 503 U.S. at 9.

The Eighth Amendment prohibition against cruel and unusual punishment "necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.' " *Hudson,* 503 U.S. at 9, *quoting Whitley,* 475 U.S. at 327; *see Jackson v. Culbertson,* 984 F.2d 699, 700 (5th Cir. 1993) (spraying inmate with a fire extinguisher after the fire was out was a *de minimis* use of physical force and was not repugnant to the conscience of mankind where the inmate suffered no physical injury). Courts may look to the seriousness of the injury to determine whether the defendants could have thought the force was necessary. *Brown v. Lippard,* 472 F.3d 384, 386–87 (5th Cir.2006).

The defendants assert that plaintiff was not injured. The defendants further contend that, even if the court finds plaintiff was injured, the evidence suggests the injury was *de minimis* and therefore not cognizable under 42 U.S.C. § 1983. However, the Supreme Court has squarely rejected a threshold requirement of a significant or non-de minimis injury. *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010). The absence of serious injury is relevant to the Eighth Amendment inquiry as one factor that may suggest whether force was plausibly thought necessary and some indication of the amount of force applied. *Id.* "Injury and force, however, are only imperfectly correlated, and it is the latter that ultimately counts." *Id.* at 38. Further, plaintiff's allegations of injuries to his left arm, injury to his

lower lumbar and sciatic nerve causing severe pain to shoot down his right leg, as well as his statement that he was pushed back to his cell without treatment where he "lay for the next 24 hours in severe pain and discomfort" were all made under penalty of perjury and are sufficient to create a genuine dispute precluding summary judgment. *See McCoy v. Alamu*, 950 F.3d 226, 229 (5th Cir. 2020) (excessive force claim supported with inmate's own allegations and declarations of witnesses provided competent summary judgment evidence), *vacated on other grounds*, ___ U.S. ___, 141 S. Ct. 1364, 209 L. Ed. 2d 114, *remanded to* 842 F. App'x 933 (5th Cir. 2021). Since there exists a genuine issue of material fact as to plaintiff's claims of excessive force against defendants White, Wright, and Austin, such defendants are not entitled to summary judgment on this issue.

Plaintiff's only allegation of force against defendant Smith, however, involves Smith physically picking him up to place him in a wheelchair to be returned to his cell. Plaintiff claims this caused an unspecified injury. In the case against defendant Smith, the *de minimis* use of physical force to pick up plaintiff and place him in a wheelchair is not repugnant to the conscience of mankind where the inmate suffered no physical injury. Accordingly, defendant Smith's motion for summary judgment should be granted with respect to plaintiff's claim against him for excessive force.

III.     *Medical Care*

Deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment, whether the indifference is manifested by prison doctors or by prison guards in intentionally denying or delaying access to medical care. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999). "Deliberate indifference is an extremely high standard to meet." *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Deliberate indifference encompasses only the unnecessary and wanton infliction of pain repugnant to the conscience of mankind. *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1999). To satisfy the exacting deliberate indifference standard, a

defendant's conduct must rise "to the level of egregious intentional conduct." *Gobert v. Caldwell*, 463 F.3d 339, 351 (5th Cir. 2006).

The United States Supreme Court has adopted "subjective recklessness as used in the criminal law" as the appropriate definition of deliberate indifference under the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 839-40 (1994). Under this definition, a prison official cannot be found liable under the Eighth Amendment unless the official knows of and disregards an excessive risk to inmate health or safety. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference. *Farmer*, 511 U.S. at 837. Under exceptional circumstances, a prison official's knowledge of a substantial risk of harm may be inferred by the obviousness of the substantial risk. *Id*; *Reeves v. Collins*, 27 F.3d 174 (5th Cir. 1994). Medical records of sick calls, examination, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference. *See Varnado v. Lynaugh*, 920 F.2d 320 (5th Cir. 1991).

The competent summary judgment evidence shows plaintiff did not receive medical care when he presented himself to medical staff and the defendants acted with deliberate indifference to his medical needs. Plaintiff asserts he informed the defendants of his prior back surgeries and the fact that he could not walk, yet his claims were ignored and he was cursed and was told he was lying. Plaintiff alleges that when he could not get off of the gurney, and despite his previous claims that he could not stand, defendants White and Austin purposely flipped him up into the air causing him to land upside down halfway onto the bed and halfway onto the floor causing severe pain to shoot down his right leg. Additionally, plaintiff claims defendants White and Wright deliberately mistreated him and purposely denied him qualified medical assistance. Further, after seeing he could not walk, plaintiff claims defendants White and Wright ordered Alexander and defendant Smith to physically pick him up and place him onto a wheelchair to be pushed back to his cell without ever evaluating him for injury. Plaintiff also claims that, after witnessing he could not walk and had not received medical treatment, defendant Smith and Alexander returned him to his cell where he "lay for the next 24 hours in severe

pain and discomfort, having to rely on [his] cell mate to provide and care for [him]." As set forth above, plaintiff's allegations of injury to his left arm, injury to his lower lumbar and sciatic nerve causing severe pain to shoot down his right leg, as well as his statement that he was pushed back to his cell where he "lay for the next 24 hours in severe pain and discomfort" were all made under penalty of perjury and sufficient to create a genuine dispute precluding summary judgment. *See McCoy*, 950 F.3d at 229. Since there exists a genuine issue of material fact concerning plaintiff's medical needs, the defendants are not entitled to summary judgment on this issue.

IV. *Qualified Immunity*

Alternatively, the defendants contend they are entitled to qualified immunity. The doctrine of qualified immunity affords protection to officials against individual liability for civil damages insofar as their conduct does not "violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Hope v. Pelzer*, 536 U.S. 730, 739 (2002) (*quoting Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)). Qualified immunity shields government officials "from civil damages liability as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated." *Fraire v. Arlington*, 957 F.2d 1268, 1273 (5th Cir. 1992), *citing Anderson v Creighton*, 483 U.S. 635, 638, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987).

Federal courts have traditionally used a two-step test to determine whether the defendants are entitled to qualified immunity. *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), overruled in part by *Pearson v. Callahan*, 555 U.S. 223, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009); *Freeman v. Texas Dep't of Criminal Justice*, 369 F.3d 854, 863 (5th Cir. 2004). First, the court must consider whether "the facts alleged show the officer's conduct violated a constitutional right." *Id.* Second, if a constitutional right was violated, the court must decide whether the right was clearly established at the time of the violation. *Id.* "For a constitutional right to be clearly established, its contours must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Hope*, 536 U.S. at 739 (*quoting Anderson v. Creighton*, 483 U.S. 635, 640 (1987),

9

*internal citations omitted*). "This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful . . . but it is to say that in the light of pre-existing law the unlawfulness must be apparent.'" *Id.* "[A] state actor is entitled to qualified immunity if his or her conduct was objectively reasonable in light of the legal rules that were clearly established at the time of his or her actions." *McClendon v. City of Columbia*, 305 F.3d 314 (5th Cir. 2004). A plaintiff must prove that the officer's actions were objectively unreasonable within that legal context. *See Saucier*, 533 U.S. at 206; *Hare v. City of Corinth*, 135 F.3d 320, 326 (5th Cir. 1998). The Supreme Court has held that the rigid structure of *Saucier* is no longer required and that the "judges of the district courts and the courts of appeals should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in the light of the circumstances in the particular case at hand." *Pearson*, 555 U.S. at 236.

"A qualified immunity defense alters the usual summary judgment burden of proof." *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010). Once the government official asserts the defense of qualified immunity, the burden shifts to the plaintiff to "rebut the defense by establishing that the official's allegedly wrongful conduct violated clearly established law and that genuine issues of material fact exist regarding the reasonableness of the official's conduct." *Gates v. Tex. Dep't of Protective & Regulatory Servs.*, 537 F.3d 404, 419 (5th Cir. 2008). "[A]ll inferences are drawn in the non-moving party's favor." *Brown*, 623 F.3d at 253. However, "a plaintiff's version of the facts should not be accepted for purposes of qualified immunity when it is 'blatantly contradicted' and 'utterly discredited' by video recordings." *Curran v. Aleshire*, 800 F.3d 656, 664 (5th Cir. 2015) (quoting *Scott v. Harris*, 550 U.S. 372, 380-81 (2007)).

In this case, the Eighth Amendment's prohibition of cruel and unusual punishment was clearly established at the time of the alleged violations with respect to both excessive force and medical care. As set forth above, there are genuine disputes as to material facts concerning the actions of the

defendants. Reasonable officials in the position of the defendants should have been aware of the law as outlined in *Hudson*, and of the factors to be used in evaluating that use of force as stated in *Baldwin v. Stalder*, 137 F.3d at 839, as well as *Farmer v. Brennan*, 511 U.S. at 839-40. Plaintiff's allegations create a genuine issue of material fact precluding summary judgment. Accordingly, the defendants are not entitled to qualified immunity at this time. Therefore, the defendants' motion for summary judgment should be denied.

V.    *Texas Tort Claims Act*

Next, the defendants contend plaintiff has demonstrated neither a condition nor the use of property in order to bring a negligence claim under the Texas Tort Claims Act. Additionally, the defendants contend plaintiff sued the wrong parties for a claim under the Texas Tort Claims Act.

The Texas Tort Claims Act constitutes a limited waiver of sovereign immunity in certain circumstances. As to the four defendants asserting the above-referenced motion, plaintiff complains of intentional, deliberate conduct, not negligence. Plaintiff complains both White and Wright denied him adequate medical care and assaulted him. Plaintiff claims Austin assaulted him in violation of the Eighth Amendment. Further, plaintiff claims defendant Smith denied him adequate medical treatment, used excessive force against him, and failed to protect him in violation of the Eighth Amendment. The Texas Tort Claims Act, however, explicitly states that it does not extend its limited waiver of immunity to claims "arising out of assault, battery, false imprisonment, or any other intentional tort." TEX. CIV. PRAC. & REM. CODE Ann. § 101.0157. Moreover, immunity under the Texas Tort Claims Act extends to any negligence or medical malpractice claims against the defendants in their individual and official capacities for the actions taken as full-time health care providers employed by the UTMB. TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(f); *see also Franka v. Velasquez*, 332 S.W.3d 367, 381-83 (Tex. 2011). Accordingly, plaintiff's complaint fails to state a claim upon which relief may be granted under the Texas Tort Claims Act as to these defendants, and the motion for summary judgment should be granted.

Recommendation

The motion for summary judgment filed by defendants Tausha White, Annuncia Wright, Kelli Austin, and Stanley Smith should be granted with respect to plaintiff's claims asserted against them under the Texas Tort Claims Act. Additionally, the defendants' motion should be granted as to plaintiff's claims of excessive force against defendant Stanley Smith. The defendants' motion for summary judgment should be denied as to plaintiff's remaining claims against them.

Objections

Within fourteen days after being served with a copy of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 8th day of September, 2022.

_____
Zack Hawthorn
United States Magistrate Judge